UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD A. BENNETT | : | |
| | : | |
| VS. | : | NO. 3:02CV02299(AWT) |
| | : | |
| AETNA LIFE INSURANCE COMPANY | : | |
| | : | OCTOBER 27, 2003 |

### PLAINTIFF'S RULE 56(A)(2) STATEMENT OF MATERIAL FACTS IN DISPUTE

**A.  Response to Defendant's Statement of Material Facts Not in Dispute**

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree in part, disagree in part. Dr. Henderson recommended that the plaintiff return to work part-time. (Ex. 6)

8. Agree.

9. Agree.

10. Agree that these statements are contained in Dr. Cole's report, along with the following:

17

       In the course of a diagnostic work-up his urine copper levels were Found to be gradually climbing (normal being 2-30). His levels were as high as 950, and dropped eventually after chelation treatment with EDTA to normal...Dr. Robban Sica commented on two occasions about fasciculations, which may be normal, but can if truly present and progressive, be associated with amyotrophic lateral sclerosis. (ALS is "Lou Gehrig's disease") (Ex. 12, AR 155)

11. Agree.

12. Agree.

13. Disagree. The vocational expert did not see the plaintiff's "file". The vocational expert received the two reports from the defendants file review consultants, Dr. Lo Preto and Dr. Cole. The vocational expert did not the reports of Dr. Sica, Dr. Kaplan, and Dr. Petit. (Ex. 8, AR 121)

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

**B. Plaintiff's Statement of Material Facts in Dispute**

1. The plaintiff was able to work part-time as of January, 2001.

2. The plaintiff was unable to work full time at any occupation as of January, 2002. (Ex. 1, Plaintiff's affidavit, Ex. 4, Letter of Dr. Sica, 8/01)

18

3. There was no objective evidence that the plaintiff could return to work at any occupation on a full time basis at the time benefits were terminated. (Exhibits 4,5,9 ,Dr. Petit, 8/01, Dr. Kaplan, 8/01, Dr. Sica, 8/02)

4. The defendant disregarded objective evidence, such as plaintiff's letter from his primary physician in May, 2002, contesting the defendant's claim decision.  (Ex. 13, Letter from Dr. Sica, 5/5/02)

THE PLAINTIFF

BY: _____
KATRENA ENGSTROM
Fed. Bar No. ct09444
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE: (203)562-9931
FAX: (203)776-9494

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Vaughan Finn at Shipman & Goodwin LLP, One American Row, Hartford, CT 06103-2819.

_KATRENA ENGSTROM_