Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: **bailey w/3 provident and court (florida)** (Edit Search)

*2000 U.S. Dist. LEXIS 22495, **

**GERALD BAILEY, Plaintiff, v. PROVIDENT LIFE & ACCIDENT INSURANCE CO., Defendant.**

Case No. 3:99-cv-394/LAC

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF **FLORIDA**, PENSACOLA DIVISION

2000 U.S. Dist. LEXIS 22495

June 13, 2000 Decided
June 13, 2000, Filed

**DISPOSITION:** Defendant's motion for summary judgment granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff benefits claimant made a claim for long-term disability benefits under a group insurance plan issued by defendant plan administrator. The administrator determined that the claimant did not meet the policy definition of disabled. The claimant's benefits were terminated. The claimant filed suit challenging the administrator's decision to deny benefits. The administrator moved for summary judgment.

**OVERVIEW:** Because the administrator insured the plan and had to pay any approved claims from its own assets, it had an inherent conflict of interest. In light of that conflict, the court found that the administrator's denial of benefits must have been reviewed under a heightened arbitrary and capricious standard. Under the plan, the claimant was disabled if, due to sickness or injury, he was unable to perform each of the material duties of his occupation of internal accounting control analyst. In denying benefits, the administrator concluded that the claimant was not suffering from any illness or sickness which would have prevented him from earning his own occupational income level or from performing the material duties of his position, which was sedentary in nature. The court was unable to conclude that the administrator's interpretation of the plan was wrong. The administrator reasonably concluded that the claimant did not meet the plan's definition of disabled. Even if the administrator's decision to terminate benefits was wrong, it was clearly calculated to maximize benefits to other plan participants in a cost-effective manner. Therefore, the decision was not arbitrary and capricious.

**OUTCOME:** The administrator's motion for summary judgment was granted.

**CORE TERMS:** arbitrary and capricious, summary judgment, disability, occupation, disabled, long-term, subjective, sickness, duty, decision to terminate, beneficiary, heightened, novo, unable to perform, decision to deny, diagnosis, claimants, illness, reasonable interpretation, conflict of interest, plan administrator, fiduciary, self-interest, calculated, maximize, rival, disability benefits, evidence to support, eligibility, impairment

**LexisNexis (TM) HEADNOTES - Core Concepts -** ♦ Hide Concepts

Civil Procedure > Summary Judgment > Summary Judgment Standard
Civil Procedure > Trials > Judgment as Matter of Law

HN1⬇ Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Upon proper motion, entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. The standard is the same as that required for a directed verdict.  More Like This Headnote

Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN2⬇ In evaluating a claim of wrongful denial of benefits, the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., does not provide a standard for reviewing the decisions of a plan administrator. However, the United States Supreme Court has delineated a range of standards which may apply to benefit determinations under the statute. The Eleventh Circuit has subsequently adopted three basic standards for reviewing plan interpretations: (1) de novo where there is no discretion in administration, (2) arbitrary and capricious where the plan grants discretion in its administrator, and (3) heightened arbitrary and capricious where a conflict of interest exists in administration of the plan.  More Like This Headnote

Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN3⬇ In the context of evaluating a claim of wrongful denial of benefits under the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., under the arbitrary and capricious standard, a wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of a fiduciary at the expense of the affected beneficiary or beneficiaries unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries. However, before the burden shifts to the fiduciary to prove that its interpretation of a plan was not motivated by self-interest, there must be a finding that its interpretation was wrong from the perspective of de novo review. In conducting this review, the court must first determine if the beneficiary has proposed a sound interpretation of the plan, one that can rival the fiduciary's interpretation. Thereafter, the court determines whether the fiduciary was arbitrary and capricious in adopting a different interpretation.  More Like This Headnote

Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN4⬇ In the context of evaluating a claim of wrongful denial of benefits under the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., the first step in the application of the heightened arbitrary and capricious standard is determining the legally correct interpretation of the disputed plan provision.  More Like This Headnote

**COUNSEL:** [*1]  For GERALD BAILEY, plaintiff: STEPHANIE ANN TAYLOR, ESQ, MCKENZIE & SOLOWAY, PENSACOLA, FL.

For SOUTHERN CO. SVC, defendant: RUSSELL FRANK VAN SICKLE, ESQ, BEGGS & LANE, PENSACOLA, FL.

For PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, defendant: HENRY T MORRISSETTE, ESQ, HAND ARENDALL LLC, MOBILE, AL, JAMIE WILLIAM BETBEZE, ESQ, HAND ARENDALL LLC, MOBILE, AL.

**JUDGES:** Lacey A. Collier, United States District Judge.

**OPINIONBY:** Lacey A. Collier

**OPINION: SUMMARY JUDGMENT**

Pending before the Court is Defendant's motion for summary judgment memorandum of law in support thereof. (doc. 44). Plaintiff timely filed a memorandum and evidentiary materials in opposition (docs. 47; 52). The Court has taken summary judgment under advisement (doc. 51) and is now prepared to rule on Defendant's motion. For the reasons stated below, Defendant's motion for summary judgment GRANTED.

**I. STATEMENT OF THE CASE**

***A. Background***

The following facts are uncontroverted or stated in the light most favorable to the Plaintiff.

On or about July 16, 1980, Plaintiff Gerald Bailey was hired as an employee of the Southern Company. As an employee, Bailey was afforded group long-term disability **[*2]** insurance coverage under a plan ("Plan") issued by Provident Life & Accident Insurance Company ("Provident") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan included the following provision:

> You are Disabled if due to your sickness or Injury you meet the following definition(s) of Disability:
>
> OWN OCCUPATION DEFINITION:
>
> During the Own Occupation Period you are Disabled from your Own Occupation if due to your Sickness or Injury you:
>
> 1. Are unable to earn at least the Own Occupation Income Level; or
>
> 2. Are unable to perform each of the material duties of the occupation that you regularly perform for the Employer or, if a physician or an attorney, unable to perform each of the material duties of your specialty in the practice of medicine or law.

(LTD Cert.:9).

The "Own Occupational Income Level" is defined as 80% of indexed earnings. *(id.* at 5). The term "disability" is defined in Provident's long-term disability policies for the purpose of clarifying the conditions which will make a person eligible to receive benefits under the

Bailey made a claim for long-term disability benefits under the Plan **[*3]** on October 21, 1997. In his claim form, Bailey described the nature of his illness as "Lack of sleep/Unable to concentrate or focus/Depression." (PLACL00019-20). After an initial waiting period, Provident paid disability benefits to Bailey while reserving their rights concerning liability pending an investigation of the claim. Provident's claims department is responsible for investigating claims to determine whether claimants meet the eligibility requirements set forth in the policy.

As part of its investigation, Provident requested and received medical records from Plaintiff's treating physicians, Dr. Sam Greenlee, Dr. Sam Robin Barnett, and Dr. Frank Messina.

Additionally, Provident arranged for an independent medical examination for Bailey by Dr. Sharon Schneider.

Following a review of Bailey's medical records, the independent medial exam by Provident's medical personnel, **Provident** determined that **Bailey** did not meet the policy definition of "disabled." Bailey's benefits were terminated as of September 30, 1998.

On October 6, 1998, **Provident** notified **Bailey** of his right to appeal the decision to deny his claim. **Bailey** timely notified **Provident** of his intent to appeal. On appeal, **[*4]** the claim was reviewed by Provident's ERISA Appeals Committee, which affirmed the denial of Bailey's claim.

Subsequently, Bailey sought another review of his claim. Provident granted this request and reviewed additional information supplied by Bailey. The additional information included the records of Dr. Thamsbuswamy, Dr. Stuart, Dr. Scott, and Dr. Brown. Provident referred the claim to Dr. Nancy Beecher for an in-house medical review, and to Dr. Peter Brown for an in-house psychiatric review. Dr. Beecher found no objective evidence to support a finding that Bailey was disabled as defined by the Plan. Dr. Brown found no new evidence to support a reversal of the denial of benefits. Following a second review of Bailey's claim, the ERISA Appeals Committee again affirmed the denial of Bailey's claim.

### B. Procedural History

Bailey filed suit in this Court challenging Provident's decision to deny benefits. (doc. 1). Provident now moves for summary judgment. (doc. 44).

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard

*HN1* Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, **[*5]** if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Upon proper motion, entry of summary judgment is mandated ". . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The standard is the same as that required for a directed verdict. Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).

### B. Discussion

### (i) ERISA Plan Standard of Review

The Plan is an group insurance plan and, as such, is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et. seq. *HN2* In evaluating a claim of wrongful denial of benefits, ERISA does not provide a standard for reviewing the decisions of a plan administrator. However, the Supreme Court has delineated a range of standards which may apply to benefit determinations under the statute. Buckley v. Metropolitan Life, 115 F.3d 936, 939 (11th Cir. 1997) **[*6]** (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109, 109 S. Ct. 948, 953, 103 L. Ed. 2d 80 (1989)). The Eleventh Circuit has subsequently adopted three basic standards for reviewing plan interpretations: (1) *de novo* where there is no discretion in administration, (2) arbitrary and capricious where the plan grants discretion in its administrator, and (3) heightened arbitrary and capricious where a conflict of interest exists in administration of the plan. Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1449-50 (11th Cir. 1997); Buckley, 115 F.3d at 939.